UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHILIP DOHERTY, *et al*.<br><br>                Plaintiffs,<br>   v.<br><br>KOPELOWITZ OSTROW, P.A. and ANDREW DALE LEDBETTER,<br><br>                Defendants. | Civil Action No. 19-CV-5824<br><br>Honorable Robert M. Dow, Jr.<br><br>(Removed from the Circuit Court of Cook County, Illinois, Case No. 2019CH08938) |

## ANDREW LEDBETTER'S MOTION TO REASSIGN CASES PURSUANT TO LOCAL RULE 40.4 BASED ON RELATEDNESS

    Defendant, ANDREW DALE LEDBETTER ("Ledbetter"), by his attorneys, FrankGecker LLP and Tripp Scott, P.A., respectfully requests the entry of an order, pursuant to Rule 40.4 of the Local Rules of the United States District Court for the Northern District of Illinois ("Local Rule 40.4") reassigning Case Nos. 19-CV-5825 (the "Tawech Case"), 19-CV-5827 (the "Shealy Case"), and 19-CV-5833 (the "Rasner Case") to Judge Robert M. Dow, Jr., based on relatedness. In support, Mr. Ledbetter states as follows:

## BACKGROUND

    1.    These cases arise from four lawsuits brought by a series of plaintiffs against Mr. Ledbetter relating to losses suffered as a result of (i) an investment in a company called 1 Global Capital LLC ("1 Global"), and (ii) 1 Global's bankruptcy filing on July 27, 2018 (the "Bankruptcy Case") in the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court"). Two of these lawsuits were filed in the Circuit Court of Cook County (the "Cook County Cases") and two were filed in the Circuit Court of DuPage County (the "DuPage

{GEN0002/ADMIN/00057444.DOCX/}

County Cases" and, collectively with the Cook County Cases, the "Cases"). The plaintiffs asserting claims in both of the Cook County Cases and the DuPage County Cases (collectively, the "Plaintiffs") were represented by Alexander Loftus and the law firm of Stotlmann Law Offices. Two of these lawsuits involve alleged negligence claims against Mr. Ledbetter, one involves a claim for allegedly aiding and abetting a breach of fiduciary duty, and one seeks a declaratory judgment regarding insurance coverage for negligence claims against Mr. Ledbetter. At their core, all four cases are related to the Plaintiff's losses from their investments in 1 Global, for which several plaintiffs have filed or may file claims in the Bankruptcy Case.

2.  Because these claims are related to 1 Global's bankruptcy filing and claims asserted in the Bankruptcy Case, on August 29, 2019, Mr. Ledbetter filed notices of removal with respect to each of the Cook County Cases and the DuPage County Cases, initiating the following cases in this Court[1]:

| Case No. | Caption | Judge Assigned |
| --- | --- | --- |
| 19-cv-05824 | *Doherty, et al., v. Kopelowitz Ostrow, P.A., et al.* | The Honorable Robert M. Dow, Jr. |
| 19-cv-05825 | *Tawech, et al., v. Kopelowitz Ostrow, P.A., et al.* | The Honorable Sara L. Ellis |
| 19-cv-05827 | *Shealy, et al., v. American Alternative Insurance Corporation, et al.* | The Honorable John L. Tharp, Jr. |
| 19-cv-05833 | *Rasner, et al., v. Kopelowitz Ostrow, P.A., et al.* | The Honorable Gary Feinerman |

3.  On August 30, 2019, the Plaintiffs filed motions to remand in the Doherty Case, the Shealy Case and the Rasner Case (collectively, the "Remand Motions"), asserting similar arguments in each case for remand to the Circuit Court of Cook County or DuPage County, as appropriate, and seeking the payment of fees relating to the Remand Motions. *See* Doherty

---

[1] Attached as **Group Exhibit A** are copies of the Motions to Remand in case nos. 19-cv-05827, 19-cv-05833 and a copy of the Notice of Removal without exhibit A in case no. 19-cv-05825.

{GEN0002/ADMIN/00057444.DOCX/} 2

Case, Docket No. 6; Shealy Case, Docket No. 6; and Rasner Case, Docket No. 5. Each of the Remand Motions is set for hearing on September 4, 2019, before a different judge.

## RELIEF REQUESTED

4. Mr. Ledbetter requests the entry of an order, pursuant to Rule 40.4 of the Local Rules for the United States District Court for the Northern District of Illinois, reassigning the Shealy Case, the Tawech Case and the Rasner Case to the Honorable Robert M. Dow, Jr. on the basis of relatedness.

## BASIS FOR THE RELIEF REQUESTED

5. Local Rule 40.4(c) requires a motion for reassignment based on relatedness to be filed with the judge before whom the lowest-numbered case of the claimed related set of cases is pending. A later filed case may be reassigned based on relatedness to the calendar of a judge before whom an earlier numbered case is assigned if the provisions of Local Rule 40.4(a) and (b) are met.

6. First, the two (or more) cases must be related within the meaning of Local Rule 40.4(a). A case is related under Local Rule 40.4(a) if one or more of the following conditions is met: "(1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same." *See* Local Rule 40.4(a).

7. Once the cases have been found to be related, four factors must be met in order to establish that reassignment is appropriate:

(1) [all of the] cases must be pending in the Northern District of Illinois;

(2) the handling of [all of the] cases by the same judge is likely to result in a substantial savings of judicial time and effort;

(3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and

(4) the actions are susceptible to disposition in a single proceeding.

*See* Local Rule 40.4(b).

## I. THE CASES ARE RELATED.

8.      Here, all four of the cases involve claims against the same defendants (Ledbetter and his law firm, Kopelowitz Ostrow, P.A), are alleged to arise from the same transactions, and came to the United States District Court for the Northern District of Illinois through the same mechanism—Mr. Ledbetter's Notices of Removal—based on their relation to 1 Global's bankruptcy. Furthermore, in each of the Notices of Removal, Mr. Ledbetter stated his intention to seek to transfer each of the Cases to the United States District Court for the Middle District of Florida for resolution in connection with the Bankruptcy Case.

9.      Furthermore, in three of the Cases, the Plaintiffs have filed substantively identical Remand Motions, casting aspersions on Ledbetter and his efforts to address potential claims in the Bankruptcy Case, all in an effort to persuade the Court here to (i) prevent transfer to the Middle District of Florida, and (ii) return the parties to simultaneous litigation in both the Law Division and Chancery Division of the Circuit Court of Cook County and the Law Division of the Circuit Court of DuPage County.  In each of the Remand Motions, Plaintiffs argue that "Defendants are well connected, established, South Florida attorneys. They would like nothing better than to have this case heard on their home court with a friendly Trustee and Court willing to assist them in escaping with their ill-gotten gains." *See* Rasner Case, Docket No. 5, p. 8.  *See also,* Doherty Case, Docket No. 6, p. 7; Shealy Case, Docket No. 6, p. 7.  The legal issues relating to removal and transfer are identical in the four cases, and the issues relating to remand and abstention are

identical in three cases in which Remand Motions have been filed. Under these circumstances, the Cases are clearly related.

## II.    CONDITIONS FOR REASSIGNMENT HAVE BEEN ESTABLISHED.

10. Each of the Cases should be reassigned to Judge Dow because the Cases satisfy each of the criteria for reassignment set forth in Local Rule 40.4(b).

11. First, all of the cases are pending in the United States District Court for the Northern District of Illinois. *See* Case Nos. 19-cv-05824, 19-cv-05825, 19-cv-05827 and 19-cv-05833.

12. Second, the handling all of the Cases by the same judge is likely to result in a substantial saving of judicial time and effort. Putting aside the fact that Mr. Ledbetter disputes the allegations of the Remand Motions, each of the Remand Motions requires briefing and a judicial determination as to whether the District Court should remand the case to the state court or (ultimately) allow these claims to be addressed by the District Court for the Middle District of Florida or the Bankruptcy Court. In the absence of reassignment, these Remand Motions would require judicial rulings by three separate judges of the District Court. Indeed, on September 4, 2019, the Remand Motions are set for hearing before Judges Dow, Tharp and Feinerman <u>at the exact same time</u>. *See* Rasner Case, Docket No. 6; Doherty Case, Docket No. 7,; Shealy Case, Docket No. 7. If reassignment is granted, only one court would be tasked with ruling on the issues raised by the Remand Motions, providing a substantial savings of judicial time and effort and avoiding any risk of inconsistent rulings.

13. Third, none of the Cases have progressed to a point that reassignment would delay their determination. Although 1 Global filed for bankruptcy protection in July, 2018, the Cases

were each filed on July 31, 2019, after a settlement had been negotiated between, among others, 1 Global, its principal and Mr. Ledbetter in connection with the Bankruptcy Case. Mr. Ledbetter was only served with the complaints in these cases last week, and no answers are yet due.

14. Finally, given the identical issues set forth in the Notices of Removal and the Remand Motions, all of the cases are susceptible to resolution in a single proceeding. Although the plaintiffs in these Cases may be different, the issues and attorneys are the same, and the Remand Motions should be resolved in a single proceeding. Furthermore, in the absence of reassignment, there is a possibility that the three District Court judges before whom the Remand Motions are pending could reach inconsistent rulings, requiring the parties to address their issues simultaneously in federal court and state court.

WHEREFORE, Mr. Ledbetter requests the entry of an order, pursuant to Local Rule 40.4 of the Local Rules of the United States District Court Northern District of Illinois, reassigning the Shealy Case, the Tawech Case and the Rasner Case to the Honorable Robert M. Dow, Jr., and for such other relief as this Court deems just.

Dated this 3rd Day of September, 2019.

    Respectfully submitted,

    FRANKGECKER LLP
    1327 W. Washington Blvd., Suite 5G-H
    Chicago, IL 60607
    Tel: (312) 276-1400
    Fax: (312) 276-0035

    By:  /s/ *Jeremy C. Kleinman*
        JEREMY C. KLEINMAN
        *Illinois Bar No. 6270080*
        jkleinman@fgllp.com

    and

TRIPP SCOTT, P.A.
*Counsel for Dale Ledbetter*
110 Southeast 6th Street, 15th Floor
Fort Lauderdale, Florida 33301
Tel: (954) 525-7500
Fax: (954) 761-8475


By:    /s/ *Charles M. Tatelbaum*
      CHARLES M. TATELBAUM
      *Florida Bar No. 177540*
      cmt@trippscott.com
      hbb@trippscott.com
      eservice@trippscott.com
      EDWARD R. CURTIS
      *Florida Bar No. 236845*
      erc@trippscott.com
      pfb@trippscott.com
      eservice@trippscott.com
      CHRISTINA V. PARADOWSKI
      *Florida Bar No. 056708*
      cvp@trippscott.com
      hbb@trippscott.com
      eservice@trippscott.com

## CERTIFICATE OF SERVICE

I, Jeremy C. Kleinman, an attorney, state that on **September 3, 2019**, a copy of the foregoing **Andrew Ledbetter's Motion to Reassign Cases Pursuant to Local Rule 40.4 Based on Relatedness** was served via electronic mail, upon the parties listed below:

Alexander Loftus
Ryan Moore
STOLTMANN LAW OFFICES, P.C.
161 N. Clark Street, Suite 1600
Chicago, IL 60603
alex@stoltlaw.com
ryan@stoltlaw.com

Thomas J. Lester
Hinshaw & Culbertson LLP
100 Park Ave.
Rockford, IL 61101
tlester@hinshawlaw.com

By:    */s/ Jeremy C. Kleinman*